87 F.3d 1317
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James Allen BOYD, Plaintiff-Appellant,
v.
STATE OF ARIZONA; State of Arizona Department of
Corrections; Samuel A. Lewis, Director,
Defendants-Appellees.
 No. 95-16957.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 11, 1996.*
Decided June 19, 1996.
 
 Before: CANBY, NOONAN, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Arizona state prisoner James Allen Boyd appeals pro se the district court's summary judgment in favor of defendants in Boyd's action pursuant to the Religious Freedom Restoration Act ("RFRA"), 42 U.S.C. § 2000bb-2000bb-4, in which Boyd alleged that prison regulations that prevent him from living with his wife, engaging in prayer with his wife, and rendering physical affection to his wife violate his right to free exercise of his religion. We have jurisdiction pursuant to 28 U.S.C. § 1291. Our review is de novo, Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990), and we affirm.
 
 
 3
 Boyd contends that the district court erred in concluding on summary judgment that the Arizona Department of Corrections regulations at issue do not substantially burden his exercise of religion. This contention lacks merit.
 
 The RFRA provides:
 
 4
 § 2000bb-1. Free exercise of religion protected
 
 
 5
 (a) In general. Government shall not substantially burden a person's exercise of religion even if the burden results from a rule of general applicability, except as provided in subsection (b).
 
 
 6
 (b) Exception. Government may substantially burden a person's exercise of religion only if it demonstrates that application of the burden to the person--
 
 
 7
 (1) is in furtherance of a compelling governmental interest; and,
 
 
 8
 (2) is the least restrictive means of furthering that compelling governmental interest.
 
 
 9
 Thus, a prisoner challenging a prison regulation under RFRA carries the initial burden of showing that the prison regulation substantially burdens the prisoner's exercise of religion. Only after the prisoner carries the initial burden does the burden shift to the government to show that the challenged regulation furthers a compelling governmental interest and that no less restrictive means are available to further the interest.
 
 
 10
 In order to show a substantial burden upon his exercise of religion, a prisoner challenging a prison regulation must provide "facts to show that the activities that he wishes to engage in are mandated by [his] religion." Bryant v. Gomez, 46 F.3d 948, 949 (9th Cir.1995). In Bryant, we stated in a prison context that:
 
 
 11
 the religious adherent ... has the obligation to prove that a governmental (action) burdens the adherent's practice of his or her religion ... by preventing him or her from engaging in conduct or having a religious experience which the faith mandates. This interference must be more than an inconvenience; the burden must be substantial and an interference with a tenet or belief that is central to religious doctrine.
 
 
 12
 Bryant, 46 F.3d at 949 (citation and quotation omitted). In Bryant, we held that a prisoner had failed to satisfy his burden under RFRA because the prisoner could not show that the Pentecostal practices of "speaking in tongues" or of "laying hands on each other" were "mandated by [the prisoner's] faith." Id. at 949 and n. 3.
 
 
 13
 Here, the district court properly ruled that Boyd failed to show that the Mormon religion mandated that he study scriptures with his wife daily, hold family prayer with his wife daily, hold family home evenings with his wife weekly, and render physical affection to his wife while he is in prison. Accordingly, the district court's order granting summary judgment to defendants is affirmed.[1]
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Appellant's March 4, 1996 motion to strike appellee's brief and request for sanctions is denied